DONALD W. SEARLES (Cal. Bar No. 135705)
Email: searlesd@sec.gov
DOUGLAS M. MILLER (Cal. Bar No. 240398)
Email: millerdou@sec.gov
MATTHEW T. MONTGOMERY (Cal. Bar No. 260149)
Email:  montgomerym@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>   vs.<br><br>DAVID SIMS, MARIO PROCOPIO, RALPH C. GREAVES, ALC HOLDINGS, LLC, EL CETHER-ELYOWN, and SIMS EQUITIES, INC.,<br><br>         Defendants. | Case No.  8:19-cv-00995-RGK-SS<br><br>**[~~PROPOSED~~] FINAL JUDGMENT AS TO DAVID SIMS AND SIMS EQUITIES, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant David Sims ("Sims") and SIMS Equities, Inc. ("SEI"), collectively "Defendants",  having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment, without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Defendants are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS FURTHER ORDERED that Defendants are permanently restrained and

enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made,  in the light of the circumstances under which they were made; and

    B.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §§ 240.10b-5.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Sims is permanently restrained and enjoined, directly or indirectly, including, but not limited to, through any entity owned or controlled by him, from participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer, provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal

service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable, jointly and severally, for disgorgement of $813,000.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $123,028.00, for a total of $936,028,00.  Defendants shall satisfy this obligation by paying $$936,028.00 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant Sims shall pay a civil penalty in the amount of $813,000.00 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant Sims shall satisfy this obligation by paying $813,000.00 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; [Defendant's name] as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest, and civil penalty, by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amouts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the agreements set forth therein.

**VII.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of enforcing the terms of this Judgment and implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated:  July 2, 2020

_____
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28